**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**DINORA RODRIGUEZ-GARCIA,** *
c/o Witherup Allen Law LLC
3915 National Drive, Suite 320 *
Burtonsville, MD 20866,
*
**Plaintiff,**
*
**v.**
*
**TODD BLANCHE, in his official capacity as U.S. Attorney General,** *
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001, *

**MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security,** *
2707 Martin Luther King Jr Ave, SE
Washington, DC 20528-0525, *

**and** *

**TERESA L. RILEY, in her official capacity as Chief Judge, Executive Office of Immigration Review,** *
5107 Leesburg Pike
Falls Church, VA 22041, *

**Defendants.** *

**Case No. 1:26-cv-3779**

* * * * * * * * * * * * *

**VERIFIED COMPLAINT**
**<u>FOR INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT</u>**

Plaintiff Dinora Rodriguez-Garcia, by and through her undersigned counsel, respectfully files this Complaint for Injunctive Relief and Declaratory Judgment. Plaintiff seeks to have this Court stay the removal proceedings that are being actively prosecuted against her in the Immigration Court in Baltimore, Maryland. Plaintiff has been granted Special Immigrant Juvenile ("SIJ") status. The purpose of the Government's removal proceedings against Plaintiff

is to have her ordered removed from the United States (i.e., deported). Any such removal would deprive Plaintiff of her SIJ status without due process and in violation of the Administrative Procedures Act, the Immigration and Nationality Act, and the Due Process Clause of the Fifth Amendment, U.S. Constitution. Defendants cannot execute a removal order against Plaintiff because she holds SIJ status. Therefore, the pursuit by Defendants of a removal order against her is arbitrary and capricious and should be enjoined.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 2201 (Declaratory Judgment Act); 28 U.S.C. § 1331 (Federal Question: the INA, the APA, and U.S. CONST. AMEND. V); 28 U.S.C. § 1651 (All Writs Act); and 28 U.S.C. § 1346(a)(2) ("Any [] civil action or claim against the United States, not exceeding $10,000 in amount, founded [] upon the Constitution . . .").

2. The Court has authority to enter a declaratory judgment and to provide temporary, preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, 28 U.S.C. §§ 2201–2202, the All Writs Act, and the Court's inherent equitable powers.

3. Venue lies in this District because:

   a. Plaintiff lives in Baltimore County, Maryland;

   b. The removal proceedings that are pending against Plaintiff are before the Immigration Court in Baltimore, Maryland;

   c. The headquarters of USCIS, the agency that conferred upon Plaintiff her SIJ status, is in Camp Springs, Maryland; and

   d. Defendants are employees and officers of the United States acting in their official capacities, and a substantial part of the events or omissions giving rise to the claims occurred in the District of Maryland. 28 U.S.C. § 1391(e)

## THE PARTIES

4. Plaintiff is a citizen and native of Honduras who resides in Baltimore County, Maryland. She is the beneficiary of an approved I-360 (SIJS), without Deferred Action. The Priority Date for her I-360 is February 26, 2025.

5. Defendant Todd Blanche is sued in his official capacity as the Attorney General of the United States. The Attorney General oversees the Executive Office for Immigration Review ("EOIR" or "the Immigration Court"). Within the Executive Branch, he is the arbiter of all questions of law pertaining to the Immigration and Nationality Act. See 8 U.S.C. § 1103(a)(1), 1103(g).

6. Defendant Markwayne Mullin (or his successor) is sued in his official capacity as the United States Secretary of the Department of Homeland Security. In this capacity, Defendant Mullin (or his successor) is responsible for the implementation and enforcement of the INA, and oversees ICE, the component agency that would be directly responsible for Plaintiff's deportation to Honduras. See 8 U.S.C. § 1103(a).

7. Defendant Teresa L. Riley is sued in her official capacity as Chief Judge, Executive Office of Immigration Review ("EOIR" or the "Immigration Court"). She reports to Defendant Blanche and oversees the Immigration Courts in the United States.

## LEGAL FRAMEWORK: SPECIAL IMMIGRANT JUVENILE STATUS

8. Special Immigrant Juvenile ("SIJ") is a classification granted by the United States Citizenship and Immigration Service ("USCIS") to an immigrant:

a) who is present in the United States;

b) who has been placed under the custody of an individual appointed by a State court located in the United States, and whose reunification with one or both of her parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law;

c) for whom it has been determined in judicial proceedings that it would not be in her best interest to be returned to her or her parent's previous country of nationality or country of last habitual residence; and

d) in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status.

8 U.S.C. § 1101(a)(27)(J).

9. Congress established SIJ status "to protect abused, neglected, or abandoned children who . . . illegally entered the United States . . . ." Osorio-Martinez v. Attorney General, 893 F.3d 153, 163 (3d Cir. 2018), superseded by regulation on other grounds, 8 C.F.R. § 204.11, as recognized in Velasquez v. Miranda, 321 A.3d 876, 890 n.13 (Pa. 2024).

10. To obtain SIJ status, an immigrant child must meet a set of rigorous, statutorily-defined eligibility criteria, including that a juvenile court find it would not be in the child's best interest to return to his country of nationality and that she cannot be reunified with one or both parents because of abuse, abandonment, neglect or similar basis under state law. 8 U.S.C. § 1101(a)(27)(J); 8 C.F.R. § 204.11(c). SIJ status may be granted only upon the approval of USCIS and the consent of the Secretary of Homeland Security. 8 U.S.C. § 1101(a)(27)(J)(iii).

11. The protections afforded to an immigrant child when the U.S. Government grants her SIJ status include "an array of statutory and regulatory rights and safeguards, such as eligibility for application of adjustment of status to that of lawful permanent residents (LPR), exemption from various grounds of inadmissibility, and robust procedural protections to ensure their status is not revoked without good cause." Osorio-Martinez, 893 F.3d at 158.

12. In creating SIJ status, Congress included in the INA certain protections against removal for this class of young immigrants. See 8 U.S.C. § 1227(c) (certain grounds for deportation "shall not apply to a special immigrant described in section 101(a)(27)(J) based upon circumstances that existed before the date the alien was provided such special immigrant status."). "Accordingly, although a juvenile with SIJ status can be removed on certain grounds,

such as having been convicted of a serious criminal offense, he cannot be removed for having entered the country illegally." Rodriguez v. Perry, 747 F. Supp. 3d 911, 917 (E.D. Va. 2024).

13. SIJ status, once granted, may not be revoked except "on notice," 8 C.F.R. § 205.2, and upon the Government's compliance with a series of procedural safeguards: The Secretary of Homeland Security must find "good and sufficient cause" for revocation; the agency must provide notice of intent to revoke; and the SIJ designee must be given the opportunity to present evidence opposing revocation. 8 U.S.C. § 1155; 8 C.F.R. § 205.2. If the Government decides to revoke the previously granted SIJ status, the SIJ designee must be provided with "a written notification of the decision that explains the specific reasons for the revocation." 8 C.F.R. § 205.2(c). There is then a right to appeal from the decision to revoke SIJ status. Id. § 205.2(d).

**FACTS COMMON TO ALL COUNTS**

14. Plaintiff is 21 years old and is a native and citizen of Honduras. She was born on June 8, 2005, in San Andres, Lempira, Honduras.

15. Plaintiff arrived in the United States on or about December 24, 2023, by crossing the southern border from Mexico. She was detained briefly by border officials and released on her own recognizance. She was issued a Notice to Appear ("NTA") on December 25, 2023. A copy of the NTA is attached as Exhibit A. The Notice to Appear is the charging document that begins removal proceedings, once filed by the Government with the Immigration Court.

16. The sole charge of removability in Plaintiff's NTA is under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1182(a)(6)(A)(i). The NTA charged that Plaintiff "[is] subject to removal from the United States pursuant to [Section] 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, that [she is] an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." See

Ex. A (NTA) at 1. That is, the sole reason why the Government alleged that Plaintiff was subject to removal from the United States is that she entered the country illegally.

17. On May 13, 2024, while the removal proceedings were pending, Oscar Amilcar Lopez-Munoz initiated the case of In re Dinora Rodriguez-Garcia, Case No. C-03-FM-24-002836 in the Family Division of the Circuit Court for Baltimore County, Maryland, by filing a Petition for Guardianship and Motion for Factual Findings Establishing the Eligibility of Plaintiff to apply for Special Immigrant Juvenile Status.

18. By an Order dated February 11, 2025, the Circuit Court for Baltimore County, Maryland appointed Mr. Lopez-Munoz as the guardian of Plaintiff. A true and accurate copy of the Court's Order Appointing Guardian of a Minor is attached as Exhibit B.

19. By a separate Order dated February 11, 2025, the Court made factual findings establishing Plaintiff's eligibility for Special Immigrant Juvenile Status. Specifically, the Court found that "[Plaintiff's] father did not recognize [her] as his child and abandoned [her] mother prior to the birth of [Plaintiff]. [Plaintiff's] father has never been a part of [her] life and has never provided [her] with any emotional, financial, spiritual, or medical support. [Plaintiff's] father has never made any attempts to see or talk to her to form a father-daughter relationship with her." The Court further found that Plaintiff's mother was unable to provide for her on her own. The Court further found that under Maryland law, Plaintiff had been abandoned and neglected by her father and mother. Therefore, the Court determined that reunification of Plaintiff with her father and mother was not viable due to abandonment and neglect. The Court further found that due to dangerous conditions in Honduras and the absence of any available financial or emotional support for her there, it would not be in Plaintiff's best interests to be returned to Honduras, but rather it is in her best interests to remain in the United States. A true and accurate copy of the

Court's Order Establishing Plaintiff's Eligibility to Petition for Special Immigrant Juvenile Status is attached as Exhibit C.

20. On February 26, 2025, her "Priority Date", Plaintiff filed a Form I-360 Petition for SIJ Status, which was approved by USCIS on July 10, 2025. A year later, on August 17, 2026, USCIS issued an Amended Approval Notice for Form I-360, indicating that USCIS had "reviewed [her] case to consider exercising discretion to add a grant of deferred action to [her] previously approved Form I-360 and determined that we will not grant [her] deferred action." True and accurate copies of the 07-10-2025 Notice of Approval and the 08-17-2026 Amended Notice of Approval are attached as Exhibit D.

21. After adopting the State Court's finding that it would not be in Plaintiff's best interests to be returned to Honduras, USCIS exercised favorable discretion and granted her SIJ status on July 10, 2025. This means that USCIS has adopted the finding of the State Court that it is not in Respondent's best interests to be returned to Honduras. This is in direct conflict with the Government's pursuit of a removal order, the aim of which is to have Plaintiff deported to Honduras.

22. In approving Plaintiff's I-360 and conferring upon her Special Immigrant Juvenile Status, the Government waived the sole ground for removal identified in the NTA. See Ex. A. Rodriguez v. Perry, 747 F. Supp. 3d at 917 ("a juvenile with SIJ status . . . cannot be removed for having entered the country illegally"). This begs the question: what rational basis does the Government have to pursue Plaintiff's removal from the United States in the Immigration Court today? None comes to mind. Despite the Government's grant of SIJS to Plaintiff, Defendants have continued actively to pursue removal proceedings against her.

23. The Government's relentless zeal in prosecuting removal proceedings against Plaintiff is evidenced in that Plaintiff was scheduled for an in-person Master Calendar Hearing

on July 28, 2026. On July 19, 2026, Plaintiff gave birth to a baby boy. On July 24, 2026, she moved for a continuance of the July 26, 2026 hearing, in light of her recent childbirth and recovery. This motion was DENIED, and Plaintiff was ordered to appear, although the Immigration Judge allowed her appearance by videoconference. She did appear at the July 26 hearing with Counsel. Despite the approved I-360 (SIJS), the IJ did not terminate, administratively close, or continue the removal proceedings; nor did he place the case on a status docket for regular updates on the progress of the SIJS case as was the norm in Immigration Court prior to 2025. Rather, he set the case in for an Individual Hearing on December 22, 2028. A copy of the Notice of Individual Hearing is attached as Exhibit E. The Notice of Individual Hearing also contains a deadline of September 28, 2026 to "SUBMIT I-589 ASYLUM APP & BRIEF." That is, unless Plaintiff submits an asylum application with a brief by September 28, 2026, she will be found to have abandoned all relief and will be ordered removed from the United States.

24. Plaintiff does not intend to file an application for asylum. She already has SIJS granted, and she intends to apply for adjustment of status based on her approved I-360, as soon as her Priority Date becomes current for adjustment. She prays that this Court will halt the removal proceedings, prevent her from being ordered removed, and allow her SIJS case to proceed to its conclusion with adjustment of status.

## CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF PROCEDURAL DUE PROCESS
### U.S. CONSTITUTION, AMENDMENT V

25. Plaintiff incorporates and realleges Paragraphs 1 through 24 above, as if fully set forth herein.

26. Under the Fifth Amendment to the U.S. Constitution, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law."

27. The plain language of the Fifth Amendment's Due Process Clause applies to all "persons" within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent. U.S. Const. AMEND V; Zadvydas v. Davis, 533 U.S. 678, 682 (2001).

28. The fundamental requirement of due process is "the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

29. To determine whether government action violates a person's Fifth Amendment procedural due process rights, courts apply the three-part test articulated in Matthews, 424 U.S. 319. Mathews requires courts to weigh (1) 'the private interest that will be affected by the official action'; (2) 'the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards'; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

30. As a person within the United States who had been granted SIJ status by the U.S. Government, Plaintiff has a procedural due process right not to have her Government-approved SIJ status arbitrarily revoked without notice and an opportunity to challenge the deprivation, as required by 8 C.F.R. § 205.2 and the Due Process Clause.

31. As of the filing of this complaint, Plaintiff is still in removal proceedings with EOIR, despite the fact that USCIS approved her SIJ petition and agreed with the Circuit Court for Baltimore County, Maryland, that it would not be in Plaintiff's best interests to be returned to Honduras. Consular processing of an immigrant visa is not available for SIJS. U.S. Department of State Field Adjudicator's Manual on Visas (Part 9), 9 FAM 502.5-7(C) (U)[1] ("The Department of State and Related Agencies Appropriations Act, 1998 changed the definition of a Special Immigrant Juvenile (SIJ) and divested consular officers of the authority to issue SIJ

[1] https://fam.state.gov/fam/09FAM/09FAM050205.html (last accessed 09-23-2026).

visas. Due to this change, since November 26, 1997, SIJ has been an adjustment-only category as reflected in 22 CFR 42.11. Under no circumstances should [a consular officer] issue an SIJ visa."). Therefore, the only way Plaintiff could get her green card is through adjustment of status, which requires physical presence in the United States; this avenue would be completely blocked and unavailable to her if she were deported at the conclusion of her removal proceedings. Deporting Plaintiff to Honduras would be an unlawful, de facto revocation of her SIJ status. Since deportation would be unlawful, there is no legitimate reason for the Government to keep Plaintiff in removal proceedings, the only goal of which is to determine whether a non-citizen will be deported.

32. In this case, all three Mathews factors weigh heavily in favor of holding that the Defendants' maintenance of removal proceedings against Plaintiff, and their continued pursuit of her removal from the United States, violates her right to procedural due process.

33. The imminent risk of Defendants' revocation of Plaintiff's SIJ status without due process is causing Plaintiff irreparable harm. Unless the instant removal proceedings and any execution of a final order thereto are enjoined, Plaintiff will lose the most significant benefit of her SIJ status, i.e., her ability to apply to become a Legal Permanent Resident ("LPR") of the United States.

**WHEREFORE**, Plaintiffs respectfully ask that the Court declare that Defendants' actions have deprived Plaintiff of her due process rights in violation of the Fifth Amendment to the U.S. Constitution and order Defendants to stop the removal proceedings pending against Plaintiff.

**COUNT TWO:**
**VIOLATION OF SUBSTANTIVE DUE PROCESS**
**U.S. CONSTITUTION, AMENDMENT V**

34. Plaintiff incorporates and realleges Paragraphs 1 through 24 above, as if fully set forth herein.

35. The Fifth Amendment to the U.S. Constitution also prevents the Government from taking actions that infringe on a person's fundamental rights or that shock the conscience. Defendants' conduct as set forth above violates that right.

36. The Circuit Court for Baltimore County, Maryland, determined that it would not be in Plaintiff's best interests for her to be returned to Honduras. See Exhibit C. When USCIS approved Plaintiff's SIJ Status, the U.S. Government endorsed this determination—that it was not in Plaintiff's best interests to be returned to Honduras. See Exhibit C; 8 U.S.C. § 1101(a)(27)(J).

37. Given Plaintiff's SIJ status and the benefits and protections pertaining thereto, Defendants' insistence on subjecting her to removal proceedings is arbitrary and capricious when she cannot be lawfully removed on the sole ground charged in the NTA. This action on the part of Defendants shocks the conscience and is a clear violation of Plaintiff's substantive due process rights.

38. Defendants' conscience-shocking actions are causing Plaintiff irreparable harm. Unless the instant removal proceedings are enjoined, Defendants would continue on their march to a removal order and the ensuing removal from the United States. If that were to happen, Defendants would deprive Plaintiff of the most significant benefit of her SIJ status: the ability to apply to become a Legal Permanent Resident ("LPR") of the United States.

**WHEREFORE**, Plaintiffs respectfully ask that this Court declare that Defendants' actions have deprived Plaintiff of her substantive due process rights in violation of the Fifth

Amendment to the U.S. Constitution and order Defendants to stop the removal proceedings pending against Plaintiff.

**COUNT THREE**
**VIOLATION OF ADMINISTRATIVE PROCEDURE ACT**
**5 U.S.C. § 706(2)(A)**

39. Plaintiff incorporates and realleges Paragraphs 1 through 24 above, as if fully set forth herein.

40. The Administrative Procedure Act (APA) provides that courts "shall . . . hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion." 5 U.S.C. § 706(2)(A).

41. The aim of the removal proceedings that Defendants are prosecuting against Plaintiff is to have the Immigration Judge order her removed, then for DHS-ICE to remove her. But such removal would result in the termination of Plaintiff's Special Immigrant Juvenile Status without due process. For that reason, Defendants could not remove Plaintiff from the United States, even with a final order of removal. Such removal would be in direct violation of 8 U.S.C. § 1155 and 8 C.F.R. § 205.2. The maintenance by Defendants of removal proceedings against Plaintiff is arbitrary and capricious, and such action must be enjoined by this Court.

42. Defendants' arbitrary and capricious actions are causing Plaintiff irreparable harm. Unless the instant removal proceedings and any execution of a final order thereto are enjoined, Plaintiff risks losing the most significant benefit of her SIJ status, i.e., her ability to apply to become a Legal Permanent Resident ("LPR") of the United States.

43. Plaintiff respectfully asks that the Court declare that Defendants' actions have violated the APA and order Defendants to stop the removal proceedings pending against Plaintiff.

**PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the following relief:

A. Assume jurisdiction over this matter;

B. Require Defendants to show cause why the relief requested in Plaintiff's Complaint should not be granted;

C. Declare that Defendants' placement of Plaintiff in removal proceedings, and ongoing prosecution thereof, despite her SIJ status, is arbitrary and capricious agency action in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution, the Immigration and Nationality Act, and the Administrative Procedure Act;

D. Issue an injunction ordering Defendants to immediately stop all removal proceedings pending against Plaintiff and enjoining Defendants from executing any future final removal orders stemming from the currently pending proceedings or future removal proceedings;

E. Award Plaintiff her court costs and attorneys' fees in this action; and

F. Order such other and further relief as this Court deems just and proper.

Dated: September 24, 2026

Respectfully submitted,

/s/ Roberto N. Allen

Roberto N. Allen, Esq. (Fed. Bar No. 25110)
Margaret M. Witherup, Esq. (Fed. Bar No. 23730)
Max A. O'Grady, Esq. (Fed. Bar No. 31446)
WITHERUP ALLEN LAW LLC
3915 National Drive, Suite 320
Burtonsville, Maryland 20866
301-861-0202
301-861-4354 (fax)
rallen@witherupallenlaw.com
mwitherup@witherupallenlaw.com
mogrady@witherupallenlaw.com
*Counsel for Plaintiff*

**VERIFICATION OF PLAINTIFF**

I solemnly affirm under the penalties of perjury that the facts stated in the foregoing Verified Complaint for Injunctive Relief and Declaratory Judgment are true and correct to the best of my knowledge, information, and belief.

09-24-2026
Date

Dinora Rodriguez Garcia
Dinora Rodriguez-Garcia